UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Case No. '08 MJ 0820 |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF: |
| | ) | |
| v. | ) | Title 8 U.S.C., Sec. 1324 (a)(2)(B)(ii) |
| | ) | Bringing in Illegal Aliens for |
| **Claudia Yaneth BOJORQUES GUERRERO** | ) | Financial Gain |
| Defendant | ) | |
| | ) | |

The undersigned complainant, being duly sworn, states:

On or about **March 13, 2008**, within the Southern District of California, defendant **Claudia Yaneth BOJORQUES GUERRERO**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely, **Ana Maria Perales Estrada,** and, **Leticia Morales-Murgia,** had not received prior official authorization to come to enter and reside in the United States, did bring to the United States said aliens for the purpose of commercial advantage and private financial gain: in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Lucia Cabral-DeArmas, Special Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **14th** DAY OF **March, 2008**

UNITED STATES MAGISTRATE JUDGE

## STATEMENT OF FACTS
## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Ana Maria Perales Estrada,** and, **Leticia Morales-Murgia,** are citizens of a country other than the United States; that said aliens are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On March 13, 2008, the complainant, Immigration and Customs Enforcement (ICE), Office of Investigations, Special Agent Lucia Cabral-DeArmas was informed that the defendant, Claudia BOJORQUEZ GUERRERO, through the San Ysidro Port of Entry as the driver and sole visible occupant of a Ford Mustang with California license plate 4RAF302.

During primary inspection, a narcotics detector dog (NDD) alerted to the defendant's vehicle. Thereafter, Customs and Border Protection inspectors discovered four suspected aliens in the trunk of the defendant's vehicle. The four suspected aliens, Ana Maria Perales Estrada, Leticia Morales-Murgia, Elias Flores Gonzalez, and Y.M.V (a juvenile), all stated that they were Mexican citizens with no documentation to allow them to enter or remain in the United States. Thereafter, the defendant and the four illegal aliens were all taken into custody.

The complainant and Border Patrol Agent (BPA) Francisco Ramirez interviewed the defendant. The complainant read the defendant her Miranda Rights. The defendant stated that she understood her rights and was willing to speak to agents voluntarily without an attorney present. BPA Ramirez witnessed the admonishment. The defendant stated the following:

### DEFENDANT STATEMENT:

The defendant is a citizen and national of Mexico. The defendant said that she has lived in Mexico all of her life but on November 2007, her aunt who lives in Los Angeles, California, convinced her to travel to the United States illegally. The defendant stated that she traveled to Tijuana, Mexico from her hometown in Jalisco, Mexico. The defendant said her aunt had made arrangements in advance with an unidentified smuggler in Tijuana, Baja California, Mexico, to have defendant smuggled into the United States and transported to Los Angeles, California for a fee of $3000.

The defendant stated that the unidentified smugglers made several attempts to smuggle her into the United States through the San Ysidro Port of Entry but for an unknown reason, each time, the load vehicle would turn away before crossing the port of entry. The defendant said she became tired of waiting to be smuggled and offered to drive herself through the port of entry. The unidentified smugglers agreed to allow her to drive herself but she was unsuccessful and was arrested at the San Ysidro Port of Entry.

The defendant said that in January of 2008, again the defendant talked to the unidentified smugglers and offered to drive a load of illegal aliens into the United States through the San Ysidro Port of Entry, if they would agreed to waive her smuggling fee. The defendant said that the unidentified

smugglers agreed to allow her to drive the vehicle loaded with illegal aliens in lieu of payment. The defendant stated some time towards the end of January 2008 she attempted to smuggle a vehicle which had three illegal aliens hidden in the truck through the San Ysidro Port of Entry. The defendant, however, was not successful and was arrested at the port of entry.

The defendant stated that when she was arrested on March 13, 2008, she did not know that there were illegal aliens hidden in the trunk of the vehicle that she was driving, nor did she know that the vehicle was stolen. The defendant stated that the unidentified smugglers had provided her with the vehicle and instructed her to drive through the San Ysidro Port of Entry.

Once the defendant was confronted with fact that there was record of her having crossed in the same vehicle the previous day (March 12, 2008), through the San Ysidro Port of Entry, the defendant admitted that she had lied. The defendant then admitted that she works for undefined smugglers in Tijuana, Baja California, Mexico, and she has been successful in the past in smuggling illegal aliens through the San Ysidro Port of Entry. The defendant admitted that she is paid $500.00 dollars for every alien she successfully smuggles into the United States. The defendant admitted that she knew that the four illegal aliens hidden in the trunk of the vehicle she was driving were illegal aliens and it was her intent to transport them to a pre-designated location within the United States. The defendant said she was going to receive $500.00 for each illegal alien smuggled. The defendant further admitted that she knew that it was against the law to smuggle illegal aliens into the Unites States but that she did it for monetary gain.

**Statement of Material Witness Leticia Morales**

The complainant then interviewed material witness Leticia Morales and she stated the following:

Morales stated that she is a citizen and national of Mexico and does not posses legal immigration documents that allow her to be or remain in the United States legally.

Morales stated that she had talked with her friend Norma Last Name Unknown (LNU) who lives in Los Angeles, California, about traveling to the United States. In early March of 2008, Norma LNU called Morales at her home in Veracruz, Mexico, and offered to loan her the money to pay a smuggler to smuggle her into the United States. Morales said she accepted her friend's offer and traveled by plane from her home town into Tijuana, Baja California, Mexico. Morales said Norma made arrangements with unidentified smugglers to have Morales smuggled into the United States for $3000 dollars. Morales arrived at the Tijuana Airport on March 9, 2008, where she was met by an unidentified smuggler who transported her to a house in Tijuana. Morales said she remained at the house from March 9, to March 13, 2008.

On the morning of March 13, 2008, she was instructed by the unidentified smugglers to walk out to the garage where a red vehicle (red Ford Mustang) was parked. Morales said there was a man in the trunk and she was told to also get into the trunk of the vehicle. Morales said a short while later two other females were also instructed to get in the trunk of the vehicle. Once all four individuals were in the trunk of the vehicle the unidentified smugglers instructed them to be quiet and to lay still and told them they were going to be smuggled into the United States.

Morales said she could not see who was driving the vehicle but she knew it was a female because she heard her talk and she ultimately saw her when they were all apprehended at the port of entry.

Morales stated that her intent was to enter the United States illegally to look for work. Morales said she does not have any family members residing in the United States.

**Statement of Material Witness Ana Maria Perales**

The complainant then interviewed material witness Ana Maria Perales and she stated the following:

Perales stated that she is a citizen and national of Mexico and does not posses legal immigration documents that allow her to be or remain in the United States legally.

Perales said that approximately four months ago her 19-year-son died suddenly and she incurred a great amount of debt as a result of burial expenses. Perales said she owes the funeral home approximately 10,000 Mexican pesos. Perales said she contacted Alicia Contreras, a relative of hers who lives in Los Angeles, California, and asked her for assistance. Perales said her relative, Alicia Contreras, agreed to loan her money to pay her smuggling fee.

Perales said that on March 08, 2008, she traveled from Tepic, Nayarit, Mexico by bus to Tijuana, Baja California, Mexico. Upon her arrival in Tijuana, an unidentified smuggler met her at the bus station and transported her to a house where she waited to be smuggled into the United States. On the morning of March 13, 2008, the unidentified smugglers informed her that she was going to be smuggled into the United States. Perales was escorted from the house to the garage and told to get in the trunk of a red vehicle. Perales said there were already a couple of other people in the trunk of the vehicle. Once they were all in the trunk of the vehicle, the unidentified smugglers told them to be quiet and to lay still and closed the trunk of the car. Perales said she did not see who was driving the vehicle but she knew it was a female because she saw her once they were all arrested.

Perales said her intent was to illegally enter the United States to work and earn enough money to pay back her smuggling fee and to pay the balance of the burial expenses for her son.